UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

MICHAEL IVESTER,             :
                             :
       Plaintiff,            :          Civ. No. 19-16559 (FLW) (DEA)
                             :
   v.                        :
                             :
DONNA SWEENY et al.,         :          **MEMORANDUM OPINION**
                             :
       Defendant.            :
_____:

**FREDA L. WOLFSON, Chief U.S.D.J.**

## I.  INTRODUCTION

Plaintiff, Michael Ivester ("Ivester" or "Plaintiff"), is proceeding *pro se* with this Complaint asserting violations of his civil rights under 42 U.S.C. § 1983.  (*See* Compl., ECF No. 1.)  Presently before the Court are Ivester's application to proceed in this action *in forma pauperis*, motion for the appointment of *pro bono* counsel, and motion for a preliminary injunction and temporary restraining order.  (ECF Nos. 1-16, 2, & 3.)  Additionally, the Court now screens the Complaint under 28 U.S.C. § 1915(e).  For the reasons stated herein, Ivester's application to proceed *in forma pauperis* is granted, but his Complaint is dismissed without prejudice.  Ivester's motions for appointment of *pro bono* counsel and for a preliminary injunction and temporary restraining order are denied.  Plaintiff is given leave to file an amended complaint within 45 days from the date of the Order accompanying this Opinion.

## II.  BACKGROUND AND PROCEDURAL HISTORY

Ivester is a prisoner serving a sentence imposed by the courts of the State of Oregon, but presently incarcerated at New Jersey State Prison ("NJSP"), in Trenton, New Jersey, under the

Interstate Corrections Compact. (*See* ECF No. 1 at 9–10.) In November 2014, he was transferred to a facility in Iowa, the Iowa Medical and Classification Center ("IMCC") to face a criminal charge there. (*Id.* at 11.) Ivester alleges that in November 2014 he "was accused of assaulting an inmate and a staff member at the IMCC" and that he "was kept in solitary confinement for approximately fif[]teen months while awaiting the final disposition of his pending felony charges." (*See id.*) Ivester contends that, while he was in solitary confinement, "he was continually and completely denied all access to legal materials, legal assistance and the courts, which is customary and policy for that institution."[1] (*Id.* at 9.)

Ivester explains that he was convicted of the Iowa charge and received a sentence of 25 years. (*Id.* at 9, 11.) He asserts that, about 80 days after being sentenced in Iowa, he was transferred to NJSP.[2] (*Id.* at 9, 11–12.) During that 80-day period, however, Ivester contends that he

> made numerous written and verbal requests to [Deputy Warden] Greg Ort pleading for the opportunity to contact his public defender, pleading for legal work containing the sentencing court[']s address and pleading for access to Iowa state law, case law, forms and other related materials, and on every occasion Greg Ort laughed at the plaintiff and told him "fuck you" and "go fuck yourself" Greg Ort told the plaintiff he would "never get shit."

---

[1] Although Ivester asserts that he was "tortured by the vast majority of the staff working in or around his housing unit" while he was in solitary confinement, he explicitly states that he "makes no claims as to the torture he received by IMCC staff while housed there, except to the extent that as part of that torture, plaintiff was not allowed to correspond with the courts or with his public defender who represented him on the pending felony there." (ECF No. 1 at 11.)

[2] At one point Ivester states that he was sentenced by the Iowa courts on December 3, 2016. (*See* ECF No. 1 at 12.) He subsequently asserts that he arrived at NJSP in February 2016, (*id.* at 14), and this date seems to be confirmed by the publicly available, New Jersey Department of Corrections online offender search. Although not necessary to resolve for the purposes of this opinion, I assume that Ivester may have been sentenced by the Iowa courts on December 3, 201**5**, as this would be consistent with his representations that he was transferred to New Jersey 80 days after sentencing and that he was detained in Iowa for around 15 months.

(*Id.* at 12–13.) He similarly contends that, following his sentencing but while still incarcerated in Iowa, he "made approximately twenty attempts . . . to obtain his legal paperwork which contained the address to his sentencing court and his attorney but was denied each time." (*Id.* at 12.)

Ivester recounts that, after he was transferred to NJSP in February 2016, he immediately began to ask "unit staff how to go about getting case law, addresses to Iowa state courts, so that he may file his direct appeal." (*Id.* at 14.) He alleges that, despite his repeated requests, administrative inquiries, and grievances concerning this issue, he has received no access to Iowa legal materials. (*Id.* at 9–10, 14–15.) Ivester contends that this deprivation has prevented him from pursuing a direct appeal of his Iowa conviction and sentence or any form of post-conviction relief ("PCR"). (*Id.* at 10.)

Ivester filed his Complaint with this Court on August 12, 2019. He named as defendants various administrators from NJSP and the New Jersey Department of Corrections ("NJDOC"), who are Donna Sweeny, Glenda Striblings, Bruce Davis, Marcus O. Hicks, and Gary Lanigan (collectively, the "New Jersey Defendants"), various administrators from the Oregon Department of Corrections, who are K. Williams, Karin Zeh, Greg Jones, and several John Does (collectively, the "Oregon Defendants"), and various administrators from the Iowa Department of Corrections, who are Mike Brown, Greg Ort, and various John Does (collectively, the "Iowa Defendants"). (*See id.* at 3–7.) He alleges that the Iowa Defendants violated his First Amendment rights by refusing him access to the courts, his attorney, legal research, mailing privileges, and grievance procedures. (*Id.* at 17.) He also contends that "prematurely transferring [him] out of state . . . before he had a fair opportunity to file for direct appeal of his recent felony conviction there prevented [him] from bringing non-frivolous challenges to that

3

felony," thus violating his First Amendment rights. (*Id.* at 17–18.) Ivester further alleges that the Oregon Defendants and the New Jersey Defendants violated his First Amendment and Fourteenth Amendment due-process rights by failing to grant his requests for access to Iowa legal-research resources. (*Id.* at 18–22.) The only relief that Ivester seeks is declaratory judgment and an injunction ordering defendants to return him to an Iowa prison so that he may access Iowa legal materials. (*See id.* at 24–25.)

Ivester included with his Complaint an application to proceed *in forma pauperis*. (ECF No. 1-16.) Contemporaneously, he filed a motion to appoint *pro bono* counsel to represent him, (ECF No. 2), and a motion for a preliminary injunction or temporary restraining order compelling defendants to immediately transfer him back to an Iowa facility, (ECF No. 3).

### III. THE *IN FORMA PAUPERIS* APPLICATION

A party who seeks to proceed *in forma pauperis* must submit an affidavit, including a statement of all assets, stating that the party is unable to pay the applicable filing fee. *See* 28 U.S.C. § 1915(a)(1). A prisoner applying to proceed *in forma pauperis* must also submit a certified copy of an inmate trust fund account statement for the six-month period immediately preceding the filing of her complaint. *See id.* § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each institution at which he was or is confined. *See id.*

Even if a prisoner is granted *in forma pauperis* status, he must pay the full amount of the filing fee of $350.00 in installments. *See* 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. *See id.* § 1915(b)(2). The deductions will continue until the $350.00 filing fee is paid.

A review of Ivester's application to proceed *in forma pauperis* reveals that it complies with the applicable requirements and adequately demonstrates that he is unable to pay the civil filing fee. (*See* ECF No. 1-16.) Accordingly, leave to proceed in this Court without prepayment of fees is authorized. His application is granted.

## IV. SCREENING THE COMPLAINT

### A. General Standards

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review prisoner complaints when the prisoner is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive the Court's screening for failure to state a claim, the complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

5

elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. That section provides,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Timeliness of Ivester's Claims**

Here, I first assess the timeliness of Ivester's Complaint. "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-

barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim."
*Ostuni v. Wa Wa's Mart,* 532 F. App'x 110, 111–12 (3d Cir. 2013); *see also Hunterson v. Disabato,* 244 F. App'x 455, 457 (3d Cir. 2007) ("[A] district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(l) where it is apparent from the complaint that the applicable statute of limitations has run."). Causes of action under 42 U.S.C. § 1983 are subject to the same two-year statute of limitations as claims for other personal injuries under New Jersey state law. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)); *Evans v. Gloucester Twp.*, 124 F. Supp. 3d 340, 349 (D.N.J. 2015) (citing *Pittman v. Metuchen Police Dep't*, 441 F. App'x 826, 828 (3d Cir. 2011)).

The Court received Ivester's Complaint on August 12, 2019, but, giving him the benefit of the "prison mailbox rule," *see Houston v. Lack*, 487 U.S. 266, 270–71 (1988),[3] I proceed on the assumption that it may have been "filed" as early as its indicated date, July 16, 2019. Thus, any claim subject to a two-year statute of limitations, as are all of Ivester's, would be facially untimely if it accrued before July 16, 2017. Ivester was transferred from IMCC to NJSP in February 2016. (ECF No. 1 at 14.) Accordingly, any claim arising directly from his time in Iowa appears facially untimely, as does any claim concerning NJSP that accrued before July 16, 2017. Thus, it appears these claims should be dismissed as time barred. That said, Ivester may

---

[3] In *Houston v. Lack*, 487 U.S. 266, the Supreme Court held that a document submitted to the Court by a *pro se* prisoner litigant should be deemed filed not when stamped received by the Clerk's office, but instead "at the time [the prisoner] delivered it to the prison authorities for forwarding to the court clerk." *Id.* at 275–76. In this case, as Ivester dated each page of his Complaint as July 16, 2019, I proceed on the assumption that this date also represents the earliest possible time that the Complaint could have been given to prison authorities for mailing.

be present some form of statutory or equitable tolling to save these claims from being time barred.[4]  He may raise such arguments in any amended complaint.

**C. Substantive Screening of Ivester's Remaining Claim**

Ivester contends that defendants' actions have violated his right of access to the courts.  It is well established that an inmate has a constitutional right of meaningful access to the courts, which incorporates a right of access to legal reference materials.[5]  *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821–28 (1977).  The constitutional right of access to the courts arises from the Petition Clause of the First Amendment, as well as the Due Process and Equal Protection Clauses of the Fourteenth Amendment. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987); *McDonald v. Smith*, 472 U.S. 479, 482–85 (1985); *Procunier v. Martinez*, 416 U.S. 396, 419 (1974), *overruled on other grounds*, *Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989).  Ivester invokes both the First and Fourteenth Amendments as the bases for his access-to-the-courts claim.  (*See* ECF No. 1 at 17–22.)

---

[4]  Statutory tolling under New Jersey must be based on a specifically identified basis.  *See, e.g.*, N.J. Stat. Ann. § 2A:14–21 (minority or insanity); N.J. Stat. Ann. § 2A:14–22 (non-residency of persons liable).  Equitable tolling under New Jersey law may arise "where 'the complainant has been induced or tricked by his adversary's misconduct into allowing the deadline to pass,' or where a plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum."  *Cason v. Arie St. Police Dep't,* Civ. No. 10–497 (KSH), 2010 WL 2674399, at *5 n.4 (D.N.J. June 29, 2010) (quoting *Freeman v. State,* 347 N.J. Super. 11, 31 (Super. Ct. App. Div. 2002)).

[5]  Though at one point Ivester characterizes the Iowa Defendants' actions as retaliatory, I do not construe him to allege a First Amendment retaliation claim.  (*See* ECF No. 1 at 17.)  An incarcerated plaintiff pleads a claim for retaliation by alleging that "(1) he engaged in constitutionally protected conduct[,] (2) he suffered an adverse action[,] and (3) the constitutionally protected conduct was a substantial or motivating factor for the adverse action." *Brant v. Varano*, 717 F. App'x 146, 149 (3d Cir. 2017); *see also Rauser v. Horn*, 241 F.3d 330, 333–34 (3d Cir. 2001).  Even if the Iowa Defendants' conduct could be construed as an adverse action, and if any claim regarding it were not time barred, Ivester has made no attempt to plead any constitutionally protected conduct or any causal relationship between such conduct and any adverse action.  (*See* ECF No. 1.)

8

The right of access to the courts is not, however, "an abstract, freestanding right to a law library or legal assistance." *Lewis*, 518 U.S. at 351; *see also Pallipurath v. N.J. Dep't of Corr.*, No. A-1671-15T1, 2017 WL 3297456, at *1 (N.J. Super. Ct. App. Div. Aug. 3, 2017), *certif. denied* 232 N.J. 54 (2018). Instead, plaintiffs must show actual resulting injuries: "that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). To state such a claim, a plaintiff must describe the underlying, predicate claim "well enough to show that it is 'more than mere hope'" and must identify the lost remedy. *Id.* at 205–06 (quoting *Christopher v. Harbury*, 536 U.S. 403, 416–17 (2002)). A plaintiff must further show that there is no possible remedy for the claimed harm other than through an access-to-the-courts claim. *Christopher*, 536 U.S. at 415 (2002); *Monroe*, 536 F.3d at 205–06.

Ivester's Complaint fails to state an access-to-the-courts claim, as he does not specifically identify a nonfrivolous claim he has been prevented from raising or a remedy he has lost. Although Ivester asserts that he has been prevented from appealing his Iowa conviction or seeking PCR relief, nowhere in his Complaint does Ivester identify any specific claim he desired to raise on appeal or in a PCR petition. Instead, he simply alleges in the abstract that defendants' actions deprived him of "a fair opportunity to file for direct appeal," and that they "prevented [him] from brining non-frivolous challenges to that felony." (ECF No. 1 at 17–18.) These conclusory assertions fail to show that Ivester lost chance to pursue a particular legal claim that represented "more than a mere hope." Nor does Ivester make any attempt to explain why an access-to-the-courts claim is now his only possible remedy. *See Christopher*, 536 U.S. at 415.

Accordingly, Ivester's claims are dismissed upon screening for failure to state a claim. I will, however, give Ivester an opportunity to file an amended complaint within 45 days. If he

chooses to do so, he must be mindful of the fact that he must specifically identify a non-frivolous claim he lost the opportunity to raise; if, for example, he desires to seek relief on direct appeal or in a PCR proceeding based on interference with his communications with his criminal defense counsel, he must allege facts that would support such a claim. He must also explain to the Court why an access-to-the-courts claim is now his only possible avenue for obtaining relief. *See Monroe*, 536 F.3d at 205–06.

## V. IVESTER'S MOTIONS

Along with his Complaint, Ivester filed a motion for a preliminary injunction and temporary restraining order directing his immediate transfer back to the custody of the Iowa Department of Corrections, (ECF No. 3), and a motion to appoint *pro bono* counsel to represent him, (ECF No. 2.) To justify the extraordinary relief of a preliminary injunction, a plaintiff must demonstrate (1) a likelihood of success on the merits, (2) that denial would cause irreparable harm to the plaintiff, (3) that granting the injunction would not cause irreparable harm to the defendant, and (4) that the injunction would be in the public interest. *See Maldonado v. Houston,* 157 F.3d 179, 184 (3d Cir. 1988). As I now dismiss Ivester's claims as untimely and for failure to state a claim, he cannot demonstrate a likelihood of success on the merits. Thus, his motion for a preliminary injunction is denied.

I deny his motion for appointment of *pro bono* counsel on similar grounds. When evaluating an application for the appointment of *pro bono* counsel, the Court assesses seven factors originally identified by the United States Court of Appeals for the Third Circuit in *Tabron v. Grace*, 6 F.3d 147. *See Pricaspian Dev. Corp. v. Martucci*, No. 11-1459, 2011 WL 2429315, at *2 (D.N.J. June 13, 2011) (citing *Tabron*, 6 F.3d at 155, 158); *Prudential Ins. Co. of Am. v. Dobson*, No. 08-3951, 2009 WL 115966, at *1–2 (D.N.J. Jan. 16, 2009) (same). The first

factor, however, is the potential merit of the party's legal position, and potential legal merit is a threshold determination that must be established before considering any other factors. *See Dobson*, 2009 WL 115966 at *2; *Protameen Chems., Inc. v. Chinchilla*, No. 05-3383, 2007 WL 174163, at *1 (D.N.J. Jan. 22, 2007). As I dismiss all of Ivester's claims, he presently has no claims with potential merit, and the motion for *pro bono* counsel is denied with the right to re-file should he be able to state a viable claim.

## VI. CONCLUSION

For the reasons explained above, Ivester's application to proceed *in forma pauperis*, (ECF No. 1-16), is GRANTED, and his motions for appointment of *pro bono* counsel, (ECF No. 2), and for a preliminary injunction and temporary restraining order, (ECF No. 3), are DENIED. Upon an initial screening of the Complaint under 28 U.S.C. § 1915(e), Ivester's claims that accrued before July 16, 2017 are DISMISSED as time barred and the remainder of Ivester's claims are DISMISSED WITHOUT PREJUDICE for failure to state a claim. Ivester has leave to file an amended complaint including any justification for tolling the applicable limitations period and including factual allegations to cure the deficiencies identified herein. He must file an amended complaint within 45 days from the entry of this Memorandum Opinion and the accompanying Order.

DATED: September 5, 2019 /s/ Freda L. Wolfson
FREDA L. WOLFSON
U.S. Chief District Judge